# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLIE JONES,

      Petitioner,

v.                                          Case No. 07-12958

CAROL HOWES,

      Respondent.
_____/

**OPINION AND ORDER (1) STRIKING PETITIONER'S SECOND SET OF OBJECTIONS; (2) OVERRULING DEFENDANT'S OBJECTIONS; (3) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (4) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND (5) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On September 23, 2009, Magistrate Virginia M. Morgan filed a Report and Recommendation ("R&R") in this case, recommending that the court deny Petitioner's application for a writ of habeas corpus. After receiving leave for an extension of time to file objections, Petitioner filed timely objections on November 6, 2009. A second set of objections was filed on November 9, 2009. Respondent did not file a response. Having reviewed the filings and record, the court will overrule Petitioner's objections and adopt the R&R.

## I.  BACKGROUND

On September 20, 2002, Petitioner was convicted of armed robbery, of being a felon in possession of a firearm, and of possession of a firearm during the commission of a felony. The facts and procedural history of Petitioner's case are detailed in the Magistrate Judge's R&R, so only a rough outline will be given here.

Petitioner's convictions in this case arose from an armed robbery of a beauty and barber supply store.  According to the testimony of two witness-employees, Nikedra Williams and Mary Jane Harris, Petitioner entered the store and asked for a particular type of brush.  After Williams helped Petitioner find the brush, Petitioner went to the cash register, where Harris was stationed.  But instead of paying, Petitioner produced a gun and ordered Harris to turn over the money in the register.  Petitioner then told Harris to go to the back of the store, and he absconded with the money and the brush. Williams did not witness the robbery and did not even realize one had taken place until Harris told her what had happened.  At the trial, both witnesses identified Petitioner. Petitioner's flight from the store was recorded by a security camera.

James Baker, a police officer, responded to the 911 call from the beauty supply store.  After a brief investigation, Baker was driving through a high-crime area when he saw an Oldsmobile car similar to the getaway car recorded in the security video.  He began following the car, and a chase began.  The chase ended when the Oldsmobile crashed.  Petitioner was the driver of the Oldsmobile and he matched the description of the robber given by the witnesses and that shown in the security video.  Baker searched the Oldsmobile, found a brush of the type that the robber had taken, and found a plastic bag of the type used by the beauty supply store.

On November 5, 2002, Petitioner was sentenced to 360 to 600 months of imprisonment for the armed robbery conviction; 60 to 120 months of imprisonment for the felon in possession conviction; and 24 months for the felony firearm conviction. Petitioner appealed to the Michigan Court of Appeals, raising five issues through his attorney and three more in a pro se brief.  The court of appeals rejected all of the

arguments and affirmed the trial court. After the Michigan Supreme Court denied leave to appeal, Petitioner filed a motion for reconsideration with the trial court, raising two issues not raised on appeal. The trial court denied the motion, and both the court of appeals and the supreme court denied leave to appeal.

Petitioner raises eleven claims in this petition: (1) violation of his right to proceed pro se; (2) violation of his constitutional right to a speedy trial; (3) violation of Due Process related to the denial of his request for a corporeal lineup; (4) improper denial of a continuance; (5) a *Brady* violation related to an alleged failure to timely produce the security video and to timely disclose that fingerprint analyses was incomplete; (6) violation of the fair cross-section requirement because there were no African Americans on Petitioner's jury; (7) ineffective assistance of counsel; (8) the cumulative effect of all errors; (9) a second *Brady* violation based on an allegedly improper withholding of pretrial and post trial fingerprint laboratory reports; (10) a second ineffective assistance of counsel claim based on trial counsel's failure to investigate certain evidence or produce witnesses on petitioner's behalf; and (11) the admission of hearsay testimony about fingerprints. Magistrate Judge Morgan rejected each of these arguments, and recommended denying the petition. Petitioner now objects to the Magistrate Judge's recommendation on each of these eleven claims. For the reasons stated below, the court agrees with the R&R and overrules Petitioner's objections. The court will adopt the Magistrate Judge's recommendation and deny the petition for a writ of habeas corpus.

## II. STANDARD

The filing of timely objections to a magistrate judge's R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

## III. OBJECTIONS

As an initial matter, two sets of objections to the Magistrate Judge's R&R were filed, both of which were dated November 3, 2009. The court finds that the second set was not signed by Petitioner. The signature on the second set is not the same signature that appears on the other documents. Notably, Petitioner's middle initial, "E.," is printed in the signature on the second set of objections, while the "E." is written in script in Petitioner's other signatures. Also, the second set of objections is odd in that it is signed "Mr.," which is inconsistent with Petitioner's other signatures. Further, the signature on the second set of objections is very similar to the hand that produced Deris D. Solomon's signature on the Proof of Service attached to the second set. Mr. Solomon also signed his name preceded by a "Mr." The second set of objections is not signed by Petitioner, and is therefore unlikely to be his work and submitted improperly. Accordingly, the court will strike the second set of objections.

Defendant objects to the Magistrate Judge's R&R on each of the eleven issues raised in his petition. After reviewing each objection and the underlying facts, the court will overrule Petitioner's objections and adopt the Magistrate Judge's report.

### A.  Objection No. 1

Petitioner objects to the Magistrate Judge's recommendation that his right to self-representation was not violated. The Magistrate Judge reasoned that Petitioner waived his right to proceed pro se because his request "may have been 'clear' but, when viewed in context [it was] not altogether 'unequivocal.'" (R&R 25.) Petitioner argues that the Magistrate Judge's reasoning is contrary to the law because it requires too high a threshold to invoke the right to proceed pro se. Petitioner first requested to proceed pro se when a state judge refused Petitioner's request to appoint new counsel. After the first state judge disqualified herself, the new judge granted the motion to withdraw, appointed new counsel, and denied the request to proceed pro se. After the new attorney was appointed, Petitioner did not renew his request to proceed pro se. Under these circumstances, Petitioner's request to proceed pro se is best viewed as a reaction to the initial rejection of his motion for the appointment of new counsel rather than a bono fide request to proceed pro se. Accordingly, the Magistrate Judge correctly reasoned that Petitioner's right to proceed pro se was not violated, because he did not "clearly" and "unequivocally" invoke the right. *See United States v. Jackson*, 304 F. App'x 424, 428-30 (6th Cir. 2008) (finding no violation of right to proceed pro se where defendant requested to proceed pro se after the court initially refused to appoint new counsel but then made no further request when the court eventually appointed new counsel).

5

**B.  Objection No. 2**

Petitioner objects to the Magistrate Judge's recommendation that there was no violation of Petitioner's constitutional right to a speedy trial.  The Magistrate Judge assumed that the delay in beginning trial was prejudicial, but found no speedy trial violation because the other three factors defined in *Barker v. Wingo*, 407 U.S. 514 (1972) weigh against Petitioner's speedy trial claim.  In particular, the Magistrate Judge reasoned that the cause for the delay; Petitioner's express waiver of his speedy-trial right amid his protestations that he was being rushed to trial; and an absence of prejudice all support finding no speedy trial violation.

Petitioner argues that the delay should be attributed to the state, and a speedy trial violation should therefore be found, for three reasons: (1) the delay was partly due to ineffective state-appointed counsel; (2) the delay was caused by the trial court's refusal to accept a guilty plea; and (3) the delay was caused by the trial court's decision "to start trial without Petitioner being appraised of the [security] video tapes of the alleged incident." (Objections 4.)  Each of these arguments must be rejected.  Even assuming that Petitioner's claim of ineffective assistance is valid, Petitioner's first argument fails because any delay occasioned by ineffective defense counsel was not caused by the prosecution.  Under *Barker*, the cause of delay weighs against the Government when it was caused by the prosecution.  Here, Petitioner argues that the prosecution should be penalized for delay caused by defense counsel simply because defense counsel was appointed by the state.  Petitioner points to no authority—and the court is aware of none—supporting this position.  Petitioner's attorneys were his, regardless of the manner in which he obtained them.  To charge the Government with

the delays occasioned by Petitioner's attorneys turns *Barker* on its head. Petitioner's second argument also finds no support in the case law. According to Petitioner, the trial court's alleged error in not accepting his guilty plea supports finding a speedy trial violation because but for the alleged error there would have been no delay. But, again, the court is aware of no authority suggesting that delay caused by a trial court's allegedly incorrect refusal to accept a guilty plea should weigh against the Government. It is difficult to imagine why the Government should be penalized for such a trial court decision. Further, the court agrees with the Magistrate Judge's recommendation that it was not error at all to refuse to accept Petitioner's guilty plea, and concludes that there is no error to support a speedy trial violation. Petitioner's third argument concerning the reason for the delay is simply nonsensical: he argues that the reason for the delay should weigh against the Government because of the trial court's desire to "start trial." (Objections 4.) The court does not understand how the trial court's desire to start trial could weigh against the Government and support a speedy trial violation—as the Magistrate Judge points out, it was Petitioner, not the Government, who opposed the trial court's desire to start trial on September 11, 2001.

### C.  Objection No. 3

Petitioner also objects to the Magistrate Judge's recommendation that the court reject his claim based on the trial court's refusal to order a corporeal lineup. The Magistrate Judge reasoned that the corporeal lineup claim was procedurally defaulted. The Magistrate Judge also reasoned that the corporeal lineup claim fails because there is no constitutional right to a corporeal lineup and Petitioner made no allegation that the photograph-array identification was unfair or inaccurate. Petitioner's objection is based

on vague arguments concerning the importance of identification; and an assertion that the procedural default should be excused because of ineffective assistance of counsel based on defense counsel's stipulated agreement concerning the use of a photograph-array. Even assuming that procedural default was excused by ineffective assistance, Petitioner makes no objection to the Magistrate Judge's alternative argument that there was nothing improper about the photograph-array lineup. Accordingly, the court will overrule Petitioner's objection.

### D. Objection No. 4

Petitioner objects to the Magistrate Judge's recommendation that his right to Due Process was not violated when the trial court denied him a continuance. The Magistrate Judge reasoned that there was no Due Process violation for two reasons. The continuance was necessary only because Petitioner waited until the eve of trial to inform his attorney of potential witnesses; and Petitioner made no showing of prejudice because he offered no evidence or argument that the witness testimony would have been favorable and unique. In his objection, Petitioner points to no flaw in this reasoning. Instead he stresses the importance of a defendant's right to present witnesses at trial, and baldly asserts that the Magistrate Judge's reasoning is inconsistent with Supreme Court precedent. As such, the objection does not provide the court with the opportunity to "consider the specific contentions" of Petitioner or "to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 951 (6th Cir. 1981). This objection would "force the district court to review every issue" relevant to this particular claim, "no matter how thorough the magistrate's analysis." *Thomas v. Arn,* 474 U.S. 140, 148 (1985). Thus, the court concludes that the general objection is

insufficient to alert the court to any alleged errors on the part of the Magistrate Judge. *See Howard*, 932 F.2d at 508 ("[I]t is hard to see how a district court reading [the 'objection'] would know what [Petitioner] thought the magistrate had done wrong."). Because Petitioner's objection is a general one, it does not trigger de novo review by the district court and the court will overrule Petitioner's objection. *See id.* at 509. Moreover, the court is convinced of the correctness of the Magistrate Judge's analysis on this point.

### E. Objection No. 5

Petitioner objects to the Magistrate Judge's recommendation that the timing of the Government's production of the security video and disclosure that the fingerprint analysis was incomplete was not a *Brady* violations. Without deciding whether the evidence was exculpatory or whether the Government suppressed the evidence, the Magistrate Judge reasoned that there could be no *Brady* violation because Petitioner made no prejudice showing. Other than unsupported statements that withholding the evidence "caused the jury to return a verdict of guilty," Petitioner makes no attempt to show, and points to nothing supporting, prejudice. Accordingly, his objection will be overruled.

### F. Objection No. 6

Petitioner objects to the Magistrate Judge's recommendation that the absence of African Americans on his jury was not an Equal Protection violation. The Magistrate Judge found no violation, because Petitioner made no showing of a systematic exclusion of African Americans. Petitioner raises two specific arguments supporting his objection. First, he argues that the court of appeals and the Magistrate Judge erred by

failing to consider *Smith v. Burghuis*, 543 F.3d 326 (6th Cir. 2008). In *Smith*, the Sixth Circuit found systematic exclusion where African Americans on juror panels were under represented vis a vis the general population by around 17% during the 17 months before the defendant's jury was selected. The *Smith* court held that while this percentage was not necessarily enough to show per se systematic exclusion, the county's policy of allowing jurors to "opt out" based on "child care concerns, transportation issues or the inability to take time from work" resulted in systematic exclusion. *Id.* at 341. Petitioner's reliance on *Smith* is misplaced because he has produced no numbers suggesting under-representation and has cited no policy that would lead to systematic exclusion. Second, Petitioner argues that the Magistrate Judge failed to consider that the prosecutor "admitted" that "there was indeed systematic exclusion." Even assuming that a statement by a prosecutor would be enough to support a finding of systematic exclusion, the prosecutor's statement cannot be interpreted as an admission of systematic exclusion. The prosecutor's statement here is, at best, an admission that juries in Saginaw County frequently have no African Americans on them. This does not necessarily support systematic exclusion—for example, juries without African Americans in Saginaw County could be frequent because of a relatively low percentage of African Americans in the juror-eligible Saginaw population. The court will therefore overrule Petitioner's objection.

### G. Objection No. 7

Petitioner objects to the Magistrate Judge's recommendation that the court reject Petitioner's ineffective assistance of counsel claim based on defense counsel's failure to object to testimony that the Petitioner was under the influence of drugs when arrested

and to the admission of the security video. The Magistrate Judge rejected Petitioner's claim because the objections would have been futile and, in the alternative, there was no prejudice. Petitioner's objection addresses neither of these lines of reasoning. The court agrees with the Magistrate Judge, and the objection is overruled.

### H. Objection 8

Petitioner seemingly objects to the Magistrate Judge's recommendation that his cumulative-effect claim be rejected. But Petitioner states that: "there is nothing to form a primary objection" but that he objects nevertheless to "preserve the right to appeal." Accordingly, Petitioner does not argue that the Magistrate Judge erred in finding that Sixth Circuit precedent does not allow cumulating claims that do not individually support constitutional violation to find a constitutional violation. His objection must therefore be overruled.

### I. Objection 9

Petitioner also objects to the Magistrate Judge's recommendation that the court reject his second *Brady* claim, which is based on the alleged suppression of laboratory fingerprint reports. The Magistrate Judge found that Petitioner procedurally defaulted this claim because he did not raise it on direct appeal. Petitioner argues that the procedural default is excused because of ineffective assistance of counsel. But, other than the bare assertion of ineffective assistance, Petitioner makes no showing that his counsel was ineffective for failing to raise this issue. Accordingly, the court will overrule Petitioner's objection.

## J. Objection 10

Petitioner objects to the Magistrate Judge's recommendation that the court reject his ineffective assistance of counsel claim based defense counsel's failure to investigate or produce witnesses. The Magistrate Judge found that the claim was procedurally defaulted. In his objection Petitioner, makes no mention of the Magistrate Judge's procedural default argument. Because the court agrees with the Magistrate Judge's analysis, it will overrule Petitioner's objection.

## K. Objection 11

Finally, Petitioner objects to the Magistrate Judge's recommendation that the court reject his right to confrontation claim. Again, the Magistrate Judge found that the claim was procedurally defaulted. Petitioner argues that the procedural default is excused because of ineffective assistance of counsel. But, other than the bare assertion of ineffective assistance, Petitioner makes no showing that his counsel was ineffective for failing to raise this issue. Accordingly, the court will overrule Petitioner's objection.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[1] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong. The court thus declines to issue Petitioner a certificate of appealability.

## V. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Petitioner's "Objections to the Magistrate's Report" [Dkt. # 29] are STRICKEN.

IT IS FURTHER ORDERED that Petitioner's "Objections to the Magistrate's Report and Recommendation" [Dkt. # 28] are OVERRULED.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation [Dkt. # 25] is ADOPTED AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Petitioner's application for a writ of habeas corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: January 28, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 28, 2010, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522